**Felix Octavio MATADAMAS–CRUZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72658.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Felix Octavio Matadamas–Cruz, Oceanside, CA, pro se.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., Patricia A. Smith, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

### MEMORANDUM **

Felix Octavio Matadamas–Cruz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Petitioner contends that the IJ erred as a matter of law in concluding that he failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Petitioner testified that he was apprehended by immigration authorities and returned to Mexico in 1995. The IJ concluded that the apprehension and return constituted a break in petitioner's continuous physical presence such that he failed to meet the requisite ten-years before issuance of the Notice to Appear.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and infor-

mation about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether petitioner's return to Mexico by immigration officials was the result of a "turn-around," as discussed in *Tapia,* or an administrative voluntary departure, as discussed in *Vasquez–Lopez.* Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of petitioner's contact with immigration officials in 1995.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

